UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE RUSSELL,<br>1418 Amherst Ave.<br>No. 5<br>Los Angeles, CA 90025,<br><br>       PLAINTIFF<br>  vs.<br><br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>NATIONAL SECURITY AGENCY,<br>9800 Savage Rd.<br>Fort Meade, MD 20755<br><br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Ln., SW<br>Washington, DC 20528<br><br><br>     DEFENDANTS | )<br>)<br>)<br>) Judge _____<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>COMPLAINT</u>**

<u>THE PARTIES</u>

1.     Plaintiff George Russell is a citizen of California.

2.     Mr. Russell hold a BFA Suma Cum Laude from Chapman University in
Film Producing and Directing, and has been working as a well-respected professional in
media production for over a decade. He has made several documentary films and has
worked for virtually every major media outlet.   His work requires the frequent analysis

1

of complex data and government records relating to a wide range of topics, from government contracting to military operations to corrections policies to police investigations.

3.      Defendant Department of Justice (DOJ) is an agency of the United States. The DOJ has possession, custody and control of records Plaintiff seeks.

4.      The Federal Bureau of investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of records Plaintiff seeks.

5.      The Bureau of Prisons (BOP) is a component of the DOJ.  The BOP has possession, custody and control of records Plaintiff seeks.

6.      The Criminal Division is a component of the DOJ.  The Criminal Division has possession, custody and control of records Plaintiff seeks.

7.      The Executive Office for United States Attorneys (EOUSA) and the United States Attorney's Offices (USAO) for the districts of New Jersey, Arkansas, and Oklahoma are components of the DOJ.  The USAO for the districts of New Jersey, Arkansas, and Oklahoma have possession, custody and control of records Plaintiff seeks.

8.      Defendant Department of Homeland Security (DHS) is an agency of the United States.

9.      The United States Secret Service (USSS) is a component of DHS.  The USSS has possession, custody and control of records Plaintiff seeks.

10.      Defendant National Security Agency is an agency of the United States. The NSA has possession, custody and control of records Plaintiff seeks.

JURISDICTION AND VENUE

11.     This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

12.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

13.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

BACKGROUND

14.     Andrew Alan Escher Auernheimer a/k/a Weev is a computer security professional born in the United States and is in his early 30s. In 2010 he was prosecuted by the federal government for computer crimes related to the Computer Fraud and Abuse Act.

15.     Mr. Auernheimer's case was overturned by the Third Circuit Court of Appeals in April, 2014 and former federal prosecutors have questioned whether or not he should have been prosecuted for his alleged crimes, especially after his conviction has now been overturned.

16.     Mr. Russell is producing a film on computer security, which features Mr. Auernheimer as part of the story.

17.     The film aims to explore that question in a fair manner.

18.     Plaintiff incorporates by reference each of the documents referred to in this Complaint.

PLAINTIFF'S FOIA REQUESTS

*FBI*

19.     On May 7, 2014, Mr. Russell submitted a FOIA request to the FBI requesting records about Mr. Auernheimer.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

20.     Mr. Russell received a letter from the FBI dated July 22, 2014 assigning his request tracking number 1250857-000 and stating that the FBI was conducting a search for responsive records.

21.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA request to the FBI with a determination as to whether the FBI will release or withhold all of the requested records, grant expedited processing, or grant a fee waiver.

22.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA requests to the FBI.

23.     Mr. Russell has exhausted his administrative remedies with regard to his request.

*BOP*

24.     On May 27, 2014, Mr. Russell submitted a FOIA request to the BOP requesting records about Mr. Auernheimer.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

25.     Mr. Russell received a letter from the BOP dated August 5, 2014 assigning his request tracking number 2014-08694 and stating that the BOP was denying his requests for expedited processing and a fee waiver.

26.     On August 8, 2014, Mr. Russell submitted an appeal of his fee waiver denial to the DOJ's Office of Information Policy (OIP).

27.     Mr. Russell received a letter from OIP dated September 5, 2014 acknowledging his appeal and assigning his appeal tracking number AP-2014-04480.

28.     As of the filing of this Complaint, Mr. Russell has not received a response to his appeal to OIP with a determination as to whether he is entitled to a fee waiver for his request to BOP.

29.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his appeal (AP-2014-04480) of the denial of his fee waiver request to the BOP.

30.     Mr. Russell has exhausted his administrative remedies with regard to his request for a fee waiver.

31.     On August 8, 2014, Mr. Russell submitted an appeal of the denial of his request for expedited processing to the DOJ's Office of Information Policy (OIP).

32.     Mr. Russell received a letter from OIP dated September 23, 2014 acknowledging his appeal, assigning his appeal tracking number AP-2014-04385, and affirming the decision of the BOP to deny his request for expedited processing.

33.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA request to the BOP with a determination as to whether the BOP will release or withhold all of the requested records.

34.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA requests to the BOP.

35.     Mr. Russell has exhausted his administrative remedies with regard to his request.

*DOJ – Criminal Division*

36.     On May 27, 2014, Mr. Russell submitted a FOIA request to the DOJ Criminal Division requesting records about Mr. Auernheimer.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

37.     Mr. Russell received a letter from the DOJ Criminal Division dated September 2, 2014 assigning his request tracking number CRM-300457018 and stating that the DOJ Criminal Division was denying his request for expedited processing.

38.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA request to the DOJ Criminal Division with a determination as to whether the DOJ Criminal Division will grant a fee waiver or release or withhold all of the requested records.

39.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA request to the DOJ Criminal Division with a determination as to whether the DOJ Criminal Division will grant a fee waiver or release or withhold all of the requested records.

40.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA request to the DOJ Criminal Division and his request for a fee waiver.

*EOUSA*

41.     On May 27, 2014, Mr. Russell submitted a FOIA request to EOUSA requesting records about Mr. Auernheimer from the judicial districts of New Jersey, Arkansas, and Oklahoma.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

42.     Mr. Russell received a letter from EOUSA dated August 15, 2014 assigning the portion of his FOIA request related to the District of New Jersey tracking number FOIA-2014-03439.

43.     Mr. Russell received a letter from EOUSA dated August 15, 2014 assigning the portion of his FOIA request related to the Western District of Arksansas tracking number FOIA-2014-03440.

44.     Mr. Russell received a letter from EOUSA dated August 15, 2014 assigning the portion of his FOIA request related to the Western District of Oklahoma tracking number FOIA-2014-03441.

45.     Mr. Russell received a letter from EOUSA dated September 2, 2014 regarding his FOIA request FOIA-2014-03441 related to the Western District of Oklahoma, stating that no responsive records could be located.

46.     Mr. Russell received a letter from EOUSA dated September 2, 2014 regarding his FOIA request FOIA-2014-03441 related to the Western District of Oklahoma, stating that no responsive records could be located.

47.     On September 12, 2014, Mr. Russell submitted an appeal to OIP of the no responsive records response regarding his FOIA request FOIA-2014-03441 related to the Western District of Oklahoma.

48.     Mr. Russell received a letter from OIP dated October 1, 2014 acknowledging receipt of his appeal of FOIA request FOIA-2014-03441 and assigning it tracking number AP-2014-04919.

49.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA requests FOIA-2014-03439 and FOIA-2014-03440.

*USSS*

50.     On May 27, 2014, Mr. Russell submitted a FOIA request to the USSS requesting records about Mr. Auernheimer.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

51.     Mr. Russell received a letter from the USSS dated August 8, 2014 assigning his request tracking number 20140842 and requesting copies of news articles or other publications under his name.

52.     Mr. Russell received a letter from the USSS dated September 26, 2014 any records responsive to his request (20140842) were being reviewed.

53.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA request to the USSS with a determination as to whether the USSS will grant a fee waiver or expedited processing, or release or withhold all of the requested records.

54.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA request to the USSS.

*NSA*

55.     On May 27, 2014, Mr. Russell submitted a FOIA request to the NSA requesting records about Mr. Auernheimer.  The request included a privacy waiver signed by Mr. Auernheimer. The request also sought expedited processing and a waiver of fees.

56.     Mr. Russell received a letter from the NSA dated July 30, 2014 assigning his request tracking number 78674 and stating that no responsive records could be located.

57.     On August 25, 2014, Mr. Russell submitted an appeal to the NSA of the no responsive records response.

58.     Mr. Russell received a letter from the NSA dated September 8, 2014 acknowledging his appeal and assigning it tracking number 4042.

59.     As of the filing of this Complaint, Mr. Russell has not received a final response to his FOIA appeal to the NSA.

60.     Under 5 USC § 552(a)(6)(C)(i), Mr. Russell is deemed to have exhausted his administrative remedies with regard to his FOIA appeal to the NSA.


COUNT I:
VIOLATION OF FOIA
(All Defendants)

61.     This Count realleges and incorporates by reference all of the preceding paragraphs.

62.     The FBI has violated FOIA by failing to grant, or even rule on, Plaintiff's request (1250857-000) for a fee waiver and expedited processing, and failing to produce responsive records.

63.     The BOP has violated FOIA by failing to grant, Plaintiff's request (2014-08694) for a fee waiver and expedited processing, and by failing to produce responsive records.

64.     DOJ Criminal division has violated FOIA by denying Plaintiff's request (CRM-300457018) for expedited processing, by failing to grant, or even rule on, Plaintiff's request for a fee waiver, and by failing to produce responsive records.

65.     EOUSA has violated FOIA by denying by failing to grant, or even rule on, Plaintiff's request (FOIA-2014-03439, FOIA-2014-03440) for a fee waiver and expedited processing, and by failing to produce responsive records.

66.     EOUSA has violated FOIA by failing to conduct an adequate search in response to Plaintiff's request (FOIA-2014-03441).

67.     The USSS has violated FOIA by failing to grant, or even rule on, Plaintiff's request (20140842) for a fee waiver and expedited processing, and failing to produce responsive records.

68.     NSA has violated FOIA by failing to conduct an adequate search in response to Plaintiff's request (78674).

69.     Plaintiff has been and will continue to be irreparably harmed until Defendants are ordered to comply with Plaintiff's FOIA requests.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Enjoin Defendants from continuing to withhold the records responsive to Plaintiff's FOIA requests and otherwise order Defendant to produce the requested records without further delay, on an expedited basis and without requiring payment of fees;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully Submitted,

__/s/ Jeffrey Light_____
     Jeffrey L. Light
     D.C. Bar #485360
     1712 Eye St., NW
     Suite 915
     Washington, DC 20006
     (202)277-6213

     *Counsel for Plaintiff*

10